DERRICK T. VAIL v. THE CINCINNATI INCLINED PLANE RY. CO.

PROXIMATE CAUSE OF INJURY TO PASSENGER RIDING UPON THE PLATFORM.

Where a passenger, riding upon the platform of a street car, suffers an injury caused by the derailment of the car: *Held*, that the fact of his riding upon the platform was not the proximate cause of his injury, where the evidence clearly showed that the railroad company was negligent in the management of its car, at and before the time of such derailment; but that the proximate cause of the injury was caused by the negligence of those in charge of the car

ERROR.

SMITH, J.

Two of the judges who heard this case are of the opinion that the verdict of the jury was manifestly against the weight of the evidence, and that for this reason a new trial should have been granted. The evidence in our judgment clearly showed negligence on the part of the defendant company, in the management of the car, at and before the time of the derailment thereof, by reason of which negligence the car ran off of the track, and ran across the street against the curbstone, thereby causing the injury to the plaintiff. There was an utter disregard by those in charge of the car of several of the clear and explicit rules of the company, and the disregard of which in all probability produced and brought about the result complained of.

In the second place the testimony does not show that the plaintiff by his negligence contributed to his own injury. It is true that at the time he was hurt, he was standing upon the rear platform of the car. But this was with the full knowledge of the conductor who made no objection thereto, and the fact that he was occupying that position, under the circumstances disclosed, even if it be conceded that he was negligent in doing so, was not the proximate cause of the injury received by him. The proximate cause of the derailment of the car and the consequent injury to the plaintiff, was the negligence of those in charge of the car before spoken of. His being where he was merely a condition, and in no sense a cause of the derailment or of the injury. Being there, he would of course assume the risk of such injury as might naturally or reasonably be expected to happen to him, while the car was being run upon the track —as of being jolted from the step or the platform, or of injury by collision with teams, vehicles or other obstructions upon the highways; but not of those produced as in this case.

*Street Railway Co.* v. *Bondron*, 2 Am. & Eng. R. R. Cases 30; *Railway Co.* v. *Schwartz*, 8 C. C. Rep., 482.

*Ramsey, Maxwell & Ramsey*, Attorneys for Plaintiff in Error.
*Miller Outcalt*, Attorney for R. R. Co.